# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 28, 2022

```
* * * * * * * * * * * * * * * * *
KARL TIEDEMANN, JR,              *      UNPUBLISHED
                                 *
          Petitioner,            *      No. 19-132V
                                 *
v.                               *      Special Master Dorsey
                                 *
SECRETARY OF HEALTH              *      Decision Based on Stipulation; Influenza
AND HUMAN SERVICES,              *      ("Flu") Vaccine; Chronic Inflammatory
                                 *      Demyelinating Polyneuropathy ("CIDP").
          Respondent.            *
                                 *
* * * * * * * * * * * * * * * * *
```

Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for petitioner.
Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION BASED ON STIPULATION[1]

On January 28, 2019, Karl Tiedemann ("petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as the result of an influenza ("flu") vaccine administered on November 18, 2016, he suffered chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition at Preamble (ECF No. 1).

On June 27, 2022, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 71). Respondent denies that the flu vaccine caused petitioner's alleged CIDP, or any other injury, or his current condition. Nevertheless, the parties

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

(1) **A lump sum of $174,925.57 which amount represents compensation for first year life care expenses ($23,425.57), pain and suffering ($150,000.00), and past unreimbursable expenses ($1,500.00) in the form of a check payable to petitioner;**

(2) **A lump sum of $381,148.00, which amount represents reimbursement of a lien for services rendered on behalf of petitioner by the New Hampshire Medicaid Program, in the form of a check payable jointly to petitioner and**

**Treasurer**
**State of NH-DHHS, 129 Pleasant St.**
**Thayer Bldg. - TPL Unit**
**Concord, NH, 03301**
**NH MID# l 1005304003**
**Attn: Michelle Laramee**

(3) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> **s/Nora B. Dorsey**
> Nora B. Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
```
KARL TIEDEMANN, JR.,                  *
                                      *
                 Petitioner,          *        No. 19-132V
                                      *        Special Master Dorsey
v.                                    *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                 Respondent.          *
```
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION

The parties hereby stipulate to the following matters:

1.   Karl Tiedemann, Jr., petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.   Petitioner received his flu vaccination on November 28, 2016.

3.   The vaccination was administered within the United States.

4.   Petitioner alleges that he developed chronic inflammatory demyelinating polyneuropathy ("CIDP") that was caused in fact by the flu vaccine, and that he experienced the residual effects of this injury for more than six months.

5.   Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6.      Respondent denies that the flu vaccine caused petitioner's alleged CIDP, or any

other injury, or his current condition.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that

the issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent

with the terms of this Stipulation, and after petitioner has filed an election to receive

compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human

Services will issue the following vaccine compensation payments:

a.      A lump sum of **$174,925.57**, which amount represents compensation for first year
        life care expenses ($23,425.57), pain and suffering ($150,000.00), and past
        unreimbursable expenses ($1,500.00) in the form of a check payable to petitioner;

b.      A lump sum of **$381,148.00**,[1] which amount represents reimbursement of a lien
        for services rendered on behalf of petitioner by the New Hampshire Medicaid
        Program, in the form of a check payable jointly to petitioner and

Treasurer
State of NH-DHHS, 129 Pleasant St.
Thayer Bldg. – TPL Unit
Concord, NH, 03301
NH MID# 11005304003
Attn: Michelle Laramee

c.      An amount sufficient to purchase the annuity contract described in paragraph 10
        below, paid to the life insurance company from which the annuity will be
        purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42

U.S.C. §300aa-15(a).

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or
cause of action the State of New Hampshire may have against any individual as a result of any
Medicaid payments the State of New Hampshire has made to or on behalf of petitioner as a result

9.      The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.     The Secretary of Health and Human Services agrees to purchase an annuity

contract from the Life Insurance Company for the benefit of petitioner, Karl Tiedemann, Jr.,

pursuant to which the Life Insurance Company will agree to make payments periodically to

petitioner as follows for the following items of compensation:

    a.    For future unreimbursable **Medicare Part B and Medigap Premiums**, and **Medicare Part D Premiums and Expenses**, beginning on the first anniversary of the date of judgment, an annual amount of $8,447.84 to be paid up to the anniversary of the date of judgment in year 2031.  Thereafter, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $2,756.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    b.    For future unreimbursable **Medicare Part B Deductible** and **Tylenol** expenses, beginning on the first anniversary of the date of judgment, an annual amount of $262.97 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    c.    For future unreimbursable **Scooter, Scooter Batteries, Scooter Maintenance, Power Lift, and Scooter Cover** expenses, beginning on the first anniversary of the date of judgment, an annual amount of $774.49 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

---

of his alleged injury relating to a flu vaccine administered on November 28, 2016, under Title
XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

    d.       For future unreimbursable **Walker, Cane, Foot Massager, Lift Chair, Raised Toilet Seat, Car Transfer Disc, and Stander Car Caddie Strap expenses,** beginning on the first anniversary of the date of judgment, an annual amount of $130.68 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    e.       For future unreimbursable **Home Attendant Care** expenses, beginning on the first anniversary of the date of judgment, an annual amount of $9,360.00 to be paid up to the anniversary of the date of judgment in year 2037. Thereafter, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $18,720.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Karl Tiedemann, Jr., is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Karl Tiedemann, Jr.'s death.

    11.      The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with

4

respect to future annuity payments.

12.     As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13.     Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16.     In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action

5

(including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about November 28, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about January 28, 2019, in the United States Court of Federal Claims as petition No. 19-132V.

17.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

6

20.     Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged CIDP, any other injury, or his current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/

/
/
/
/
/
/
/
/

7

Respectfully submitted,

**PETITIONER:**

KARL TIEDEMANN, JR.

**ATTORNEY OF RECORD FOR
PETITIONER:**

BRIDGET C. McCULLOUGH
MULLER BRAZIL, LLP
715 Twining Road, Suite 208
Dresher, PA 19025
Tel: (215) 885-1655
Email: bridget@myvaccinelawyer.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

George R. Grimes -S14  Digitally signed by George R. Grimes -S14
Date: 2022.06.02 08:52:00 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Debra M Filteau Begley
by Heather Pearl

DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181
Email: debra.begley@usdoj.gov

Dated: 06/23/2022

8